SUMMONS ISSUED

CV-12 0455

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

--------------------------------------------------------

SULAMITH WEBER on behalf of herself
and all other similarly situated

                            Plaintiff,

          -against-

COMPLETE COLLECTION SERVICE
OF SOUTH FLORIDA, INC.

                         Defendant.

--------------------------------------------------------

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E.D N Y

★  JAN 3 1 2012  ★

LONG ISLAND OFFICE

BLOCK, J.
LEVY, M.

## CLASS ACTION COMPLAINT

### *Introduction*

1.    Plaintiff seeks redress for the illegal practices of Complete Collection Service of

      South Florida, Inc. concerning the collection of debts, in violation of the Fair Debt

      Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

### *Parties*

2.    Plaintiff is a citizen of the State of New York and resides in this District.

3.    Plaintiff is a "consumer" as that term is defined by Section 1692(a)(3) of the

      FDCPA, in that the alleged debt that defendant sought to collect from plaintiff is a

      consumer debt purportedly owed to Comprehensive Cancer Center.

4.    Upon information and belief, defendant is a Florida corporation which maintains

      an office for collection of debts in Ft. Lauderdale, Florida.

5.    Defendant is regularly engaged, for profit, in the collection of debts allegedly

      owed by consumers.

6.   Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. §
     1692(a)(6).

### *Jurisdiction and Venue*

7.   This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28
     U.S.C. § 1331.

8.   Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and
     transactions that give rise to this action occurred, in substantial part, in this
     district. Venue is also proper in this district since the defendant transacts business
     in this district and the collection letter was sent into this district.

### *Allegations Particular to Sulamith Weber*

9.   On information and belief, on a date better known by defendant, defendant began
     attempting to collect an alleged consumer debt from the plaintiff.

10.  On or about February 21, 2011 defendant sent the plaintiff a collection letter
     seeking to collect a balance allegedly incurred for personal purposes.

11.  Said letter states in pertinent part as follows: "Your failure to respond to our
     previous requests for payment of the amount due our client, leads us to conclude
     that you have no intention of resolving this matter without further action. THIS
     BILL MUST BE PAID NOW! You make your own credit reputation, we merely
     record it."

12.  Said language leads the "least sophisticated consumer" to believe that legal action
     will be taken to ensure payment of the debt.

13.  Upon information and belief the defendant had no intent to take legal action at the
     time of the sending of the letter.

14.  The demand that the debt must be paid now is a false sense of urgency.

2

15. Upon information and belief, the defendant did not take any further action of any kind, legal or other, within days of the sending of the said February 21, 2011 letter.

16. The language implies that the defendant is reporting the plaintiff purported debt to the credit bureaus.

17. Upon information and belief, the defendant engaged in a false threat.

18. Upon information and belief, at the time of the sending of the February 21, 2011 letter, the defendant had no authorization from the underlying creditor to take legal action.

19. Defendant's letter is in violation of 15 U.S.C. §§ 1692e(5), 1692e(8) and 1692e(10) for engaging in deceptive and falsely threatening practices, and communicating false credit information.

## AS AND FOR A FIRST CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by plaintiff on behalf of herself and the members of a class, as against the defendant.*

20. Plaintiff restates, realleges, and incorporates herein by reference, paragraphs 1-19 as if set forth fully in this Cause of Action.

21. This cause of action is brought on behalf of plaintiff and the members of a class.

22. The Class consists of consumers who received the same form letter, as did the plaintiff.

23. The Class consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter (a) bearing the defendant's letterhead in substantially the same form as the letter sent to the plaintiff on or about February 21, 2011 sent within one year prior to the date of the within

3

complaint concerning Comprehensive Cancer Center (b) the collection letter was sent to a consumer seeking payment of a consumer debt; and (c) the collection letter was not returned by the postal service as undelivered (d) and that the letter contained violations of 15 U.S.C. §§ 1692e(5), 1692e(8) and 1692e(10).

24.     Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

(A) Based on the fact that the collection letters that are at the heart of this litigation are mass-mailed form letters, the class is so numerous that joinder of all members is impracticable.

(B) There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

(C) The only individual issue is the identification of the consumers who received the letters, (*i.e.* the class members), a matter capable of ministerial determination from the records of Defendant.

(D) The claims of the plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

(E) The plaintiff will fairly and adequately represent the class members' interests. The plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The plaintiff's interests are consistent with those of the members of the class.

4

25.    A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

26.    If the facts are discovered to be appropriate, the plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

27.    Collection letters, such as those sent by the defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

28.    The defendant's use of the language violates the Fair Debt Collection Practices Act.

29.    Because the defendant violated of the Fair Debt Collection Practices Act, the plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests that this Court enter judgment in his favor and on behalf of the members of the class, and against the defendant and award damages as follows:

        (a)    Statutory damages provided under the FDCPA, 15 U.S.C. 1692(k);

        (b)    Attorney fees, litigation expenses and costs incurred in bringing this action; and

(c)     Any other relief that this Court deems appropriate and just under

the circumstances.


Dated: Cedarhurst, New York
        January 30, 2012

_____
Adam J. Fishbein, P.C. (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
483 Chestnut Street
Cedarhurst, New York 11516
Telephone (516) 791-4400
Facsimile (516) 791-4411


Plaintiff requests trial by jury on all issues so triable.

_____
Adam J. Fishbein  (AF-9508)

6

**Complete Collection Service**
**954-491-0006 or 800-275-7014**

Client Account #: 1000400583
Client: MT Sinai Comprehensive Cancer Center
Patient Name: Sulamith Weber
Admission Date: 01/04/10
Discharge Date: 01/31/10
Amount Due: $ 109.01

February 21, 2011

Dear Sulamith Weber

Your failure to respond to our previous requests for payment of the amount due our client, leads us to conclude that you have no intention of resolving this matter without further action.

### THIS BILL MUST BE PAID NOW!

You make your own credit reputation, we merely record it.

We are a Debt Collection Agency and any information obtained from this notice is for the purpose of collecting a debt.

If you would like to pay by credit card please call 1-800-275-7014 or complete the form below.

Thank you,

Joy J Ext 7187

---

TO INSURE PROPER CREDIT, DETACH AND RETURN IN THE ENCLOSED ENVELOPE.                    190CSCSFL01L101

1007 N. Federal Hwy. #280
Ft. Lauderdale, FL 33304-1422
CHANGE SERVICE REQUESTED

February 21, 2011

A5061701-R P2411903 L050 D66    493058195
Sulamith Weber
1556 50Th St Apt 2
Brooklyn NY 11219-3745

| | | | |
|---|---|---|---|
| ☐ MASTERCARD | ☐ DISCOVER | ☐ VISA | ☐ AMERICAN EXPRESS |
| CARD NUMBER | | | EXP. DATE (REQUIRED) |
| SIGNATURE | | | SECURITY CODE |

| STATEMENT DATE | PAY THIS AMOUNT | ACCT. # | BALANCE |
|---|---|---|---|
| 2/21/2011 | $ 109.01 | 1000400583 | $ 109.01 |

SHOW AMOUNT PAID HERE $

Make your Payment To:

**COMPLETE COLLECTION SERVICE**
1007 N FEDERAL HWY #280
FT LAUDERDALE, FL 33304-1422